## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FWK Holdings, L.L.C., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS ELIZABETH, LLC, TEVA PHARMACEUTICALS USA, INC., PLIVA, INC., MYLAN INC., MYLAN PHARMACEUTICALS INC., UDL LABORATORIES, INC., ENDO INTERNATIONAL PLC; PAR PHARMACEUTICALS HOLDINGS, INC., HERITAGE PHARMACEUTICALS INC., BRECKENRIDGE PHARMACEUTICALS, INC., and UPSHER-SMITH LABORATORIES, INC.,<br><br>Defendants. | Case 1:16-cv-09901-JSR<br><br><br>**CLASS ACTION** |

## REPORT CONCERNING JANUARY 6, 2017 CASE MANAGEMENT AND SCHEDULEING CONFERENCE

Plaintiff FWK Holdings, L.L.C., through its counsel, respectfully submits the report required by the Court's December 27, 2016 Notice of Court Conference (the "Notice"). ECF No. 6.[1]

### I.      NATURE OF THE CLAIMS

The Action alleges violations of Section 1 of the Sherman Antitrust Act arising out of the defendants' alleged unlawful scheme to fix, maintain, and stabilize the prices of generic

---

[1]      Plaintiff's counsel will be filing shortly *pro hac vice* applications for co-counsel located in Boston and Chicago.

propranolol tablets and capsules ("Propranolol"). The Action is brought on behalf of a proposed class of direct purchasers of Propranolol, and seeks injunctive relief and damages. The named defendants are: 1) Actavis Elizabeth, LLC; 2) Teva Pharmaceuticals USA, Inc., and Pliva, Inc.; 3) Mylan Inc., Mylan Pharmaceuticals Inc., and UDL Laboratories, Inc. (collectively "Mylan"); 4) Endo International PLC and Par Pharmaceuticals Holdings, Inc. (collectively "Par"); 5) Heritage Pharmaceuticals Inc. ("Heritage"); 6) Breckenridge Pharmaceuticals, Inc.; and 7) Upsher-Smith Laboratories, Inc. (collectively, the "Defendants").

## II. ISSUES RELEVANT TO CASE MANAGEMENT

On December 27, 2016, the Clerk of the Court issued electronic summonses. ECF No. 5. On December 28, 2016, plaintiff's counsel undertook to serve Defendants with the summons and complaint, a copy of the Notice and enclosures, and Your Honor's rules. Further, on December 28, 2016, as required by the Notice, plaintiff's counsel furnished Your Honor's Chambers with a courtesy copy of the complaint and plaintiff's Statement under Rule 7.1 of the Federal Rules of Civil Procedure.

As of today's date, service of process on Defendants has not been completed. Plaintiff's counsel has endeavored to determine who may represent the Defendants in the Action and determine whether such counsel will accept service on behalf of one or more Defendants. We communicated with counsel that may represent the Mylan and Par Defendants who represented, respectively, that they were not then authorized to accept service. After completion of service, we will promptly file the returned summonses.

Because service of process has not been completed, we respectfully submit that it is premature to file a report of the parties' agreements or disagreements regarding planning of discovery pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff's counsel,

however, anticipates filing a motion for expedited discovery that seeks the production of documents that Defendants have produced to any governmental entity investigating alleged criminal or civil violations of the Sherman Act relating to the marketing and pricing practices of generic drugs. We anticipate that Defendants will oppose such a motion.

Finally, on December 29, 2016, a plaintiff in the *In re: Generic Digoxin and Doxycycline Antitrust Litigation* (MDL No. 2724, E.D. Pa.) filed a Notice of Potential Tag Along Actions, pursuant to Judicial Panel on Multidistrict Litigation ("JPML") Rule of Procedure 7.1(a) ("JPML Notice"). The JPML Notice asserts that the Action, along with other class actions brought on behalf of direct purchasers of other generic drugs that are pending in this District and the District of New Jersey, involve common questions of fact with the Digoxin and Doxycycline actions in MDL No. 2724 that is pending in the Eastern District of Pennsylvania. Plaintiff's counsel will oppose transfer of the Action to the Eastern District of Pennsylvania.

The JPML's August 5, 2016 Transfer Order (attached hereto) rejected an effort to expand the scope of the MDL beyond Digoxin and Doxycycline. Furthermore, transfer of the Action and other actions that do not concern Digoxin and Doxycycline would not serve the convenience of the parties or promote efficient litigation because each action involves different generic drugs, different alleged conspiracies, different class periods, and name certain defendants that are not named in the Digoxin and Doxycycline actions. Indeed, as alleged in the complaint filed in the Action, several states' attorneys general filed a civil action for violations of the Sherman Act against various generic drug manufactures that alleges "the information developed through its investigation (which is still ongoing) uncovered evidence of a broad, well-coordinated and long-

running **series of schemes** to fix the prices and allocate markets for a number of generic pharmaceuticals in the U.S." (Emphasis added).[2]

### III.     CONCLUSION

We look forward to discussing these matters with the Court at the January 6, 2017 case management and scheduling conference.

Dated: December 30, 2016                                Respectfully submitted,

                                                        KAPLAN FOX & KILSHEIMER LLP


                                                        By: /s/     Robert N. Kaplan
                                                            Robert N. Kaplan
                                                            Richard J. Kilsheimer
                                                            Jeffrey P. Campisi
                                                            Joshua Saltzman
                                                            850 Third Avenue, 14th Floor
                                                            New York, New York 10022
                                                            Tel: 212-687-1980
                                                            Fax: 212-687-7714
                                                            rkaplan@kaplanfox.com
                                                            rkilsheimer@kaplanfox.com
                                                            jcampisi@kaplanfox.com
                                                            jsaltzman@kaplanfox.com

                                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                                            Thomas M. Sobol (*pro hac vice* to be filed)
                                                            David S. Nalven (*pro hac vice* to be filed)
                                                            Lauren Guth Barnes  (*pro hac vice* to be filed)
                                                            Kiersten Taylor  (*pro hac vice* to be filed)
                                                            55 Cambridge Parkway, Suite 301
                                                            Cambridge, MA 02142
                                                            Tel.: 617-482-3700

---

[2]     The action filed by the attorneys general is styled *The State of Connecticut, et al., v. Aurobindo Pharma USA, Inc., Citron Pharma, LLC, Mylan Pharmaceuticals USA, Inc. and Teva Pharmaceuticals USA, Inc., Heritage Pharmaceuticals, Inc., and Mylan Pharmaceuticals, Inc.*, and is pending in U.S. District Court in Connecticut (16-cv-2056).  Furthermore, the U.S. Department of Justice has filed Informations against two former executives of Defendant Heritage for two generic drugs (Doxycycline and Glyburide) alleging for each drug a separate conspiracy count.

Fax: 617-482-3003

and

VANEK, VICKERS & MASINI P.C.
Joseph M. Vanek (*pro hac vice* to be filed)
David P. Germaine (*pro hac vice* to be filed)
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Tel: 312-224-1500

*Attorneys for Plaintiff*

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: GENERIC DRUG PRICING
ANTITRUST LITIGATION                                               MDL No. 2724


**TRANSFER ORDER**


**Before the Panel:**[*]   Plaintiffs in nine actions pending in the Eastern District of Pennsylvania move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Pennsylvania.  This litigation consists of the nine actions pending in the Eastern District of Pennsylvania and one action pending in the District of Rhode Island, as listed on Schedule A.  The Panel also has been notified of seven related actions pending in the Eastern District of Pennsylvania.[1]


All parties support centralization, but there is some disagreement as to the transferee district.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

In addition, the Panel took notice of an eighth action pending in the Eastern District of Pennsylvania, *Plumbers' Local Union No. 690 Health Plan v. Actavis Inc., et al.*, C.A. No. 2:16-00665, which had been related to one of the actions on the motion.  *Plumbers' Local*, though, involves allegations that more than sixty generic pharmaceutical manufacturers conspired to inflate the applicable wholesale price for digoxin, doxycycline, and numerous other generic pharmaceutical products in order to obtain higher reimbursement rates from insurers and government agencies.  We directed the parties to address whether *Plumbers' Local* should be included in any centralized proceedings.  All parties that addressed *Plumbers' Local*, including the plaintiff and seventeen defendants in that action, opposed its inclusion in this MDL.  Subsequently, the plaintiff in the action to which *Plumber' Local* had been related filed a "Notice of Inadvertent Listing of Related Case" with the district court.  We therefore need not take any action with respect to *Plumbers' Local*.  To the extent that *Plumbers' Local* shares common allegations and claims relating to digoxin and doxycycline, informal coordination between the assigned judges and cooperation by the parties should be sufficient to eliminate any possibility of duplicative discovery.

-2-

Plaintiffs in three potential tag-along actions support centralization in the Eastern District of Pennsylvania.[2]  Common defendants Allergan plc, Impax Laboratories, Inc., The Lannett Company, Inc., Mylan Inc., Mylan Pharmaceuticals, Inc., Par Pharmaceuticals, Inc., and West-Ward Pharmaceutical Corp. also support centralization in the Eastern District of Pennsylvania.  The plaintiff in the action pending in the District of Rhode Island suggests instead that the Panel centralize this litigation in the District of Rhode Island or, alternatively, in the District of Connecticut or the Southern District of New York.

A dispute also exists with regard to the name of this MDL (and, thus, as to the scope of the litigation).  Defendants ask the Panel to rename this MDL, "In re Digoxin and Doxycycline Litigation."  Moving plaintiffs (and one of the potential tag-along plaintiffs) oppose this request, arguing that they anticipate that this litigation will expand to include other generic pharmaceutical products.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from allegations that defendants, all of which are manufacturers of generic pharmaceuticals, conspired to fix the prices of two such products: digoxin, which is used to treat irregular heartbeats and mild to moderate heart failure, and doxycycline, an antibiotic used to treat both humans and animals for a variety of illnesses.  Plaintiffs allege that, between 2012 and 2014, the average market price for digoxin and doxycycline increased by 884% and 8,281%, respectively.  Plaintiffs uniformly allege that defendants effectuated this conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations.  Plaintiffs in all the actions assert similar claims for price fixing in violation of the Sherman Act and various state antitrust laws, as well as unjust enrichment, on behalf of overlapping putative nationwide classes of indirect purchasers of these drugs.[3]  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

With respect to the parties' dispute over the name of this litigation, defendants are correct that the actions assert only claims and anticompetitive conduct as to digoxin and doxycycline.  Any potential expansion of this litigation to include other pharmaceutical products is hypothetical at this

---

[2] Plaintiffs in another two potential tag-along actions did not respond to the motion, but filed notices of presentation or waiver of oral argument in which they indicate support for centralization in the Eastern District of Pennsylvania.

[3] Plaintiffs in two of the potential tag-along actions bring Sherman Act claims on behalf of putative nationwide classes of direct purchasers of digoxin and/or doxycycline.  We have observed previously that, where direct and indirect purchaser actions present common factual questions of fact, centralization of both types of actions in one litigation may be appropriate.  *See In re Skelaxin (Metaxalone) Antitrust Litig.*, 856 F. Supp. 2d 1350, 1341-52 (J.P.M.L. 2012).

-3-

point.  Therefore, we will rename this litigation, "In re: Generic Digoxin and Doxycycline Antitrust Litigation."  If plaintiffs file an amended complaint in the transferee court that expands the litigation beyond the named products, the transferee judge may recommend to the Panel that the litigation be renamed.[4]

The Eastern District of Pennsylvania is the appropriate transferee district for this litigation. Nine of the ten actions on the motion (as well as all the potential tag-along actions) are pending in this district.  Likewise, a majority of the defendants are either headquartered or have significant business operations in or near the Eastern District of Pennsylvania.  Also, the parties assert that a federal criminal investigation into defendants' generic drug pricing practices is underway in the Eastern District of Pennsylvania.  Thus, a significant proportion of potential witnesses and documentary evidence will be located within or near the district.  All responding parties, save one plaintiff, support centralization in the Eastern District of Pennsylvania, which offers a convenient and accessible forum for this litigation.  Centralization in this district also allows us to assign this litigation to the Honorable Cynthia M. Rufe, an experienced jurist who will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Eastern District of Pennsylvania is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 2724 is renamed, *In re: Generic Digoxin and Doxycycline Antitrust Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            R. David Proctor
Catherine D. Perry

---

[4] Similarly, should an action involving broader claims be filed outside the transferee district, the Panel will consider whether transfer as a tag-along action is appropriate at that time.

**IN RE: GENERIC DRUG PRICING
ANTITRUST LITIGATION**                                    MDL No. 2724


## SCHEDULE A

Eastern District of Pennsylvania

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30 BENEFITS
     FUND v. LANNETT COMPANY, INC., ET AL., C.A. No. 2:16−00990
NECA−IBEW WELFARE TRUST FUND v. ALLERGAN PLC, ET AL.,
     C.A. No. 2:16−01371
TULSA FIREFIGHTERS HEALTH AND WELFARE TRUST v. ALLERGAN PLC,
     ET AL., C.A. No. 2:16−01388
PIPE TRADES SERVICES MN v. LANNETT COMPANY, INC., ET AL.,
     C.A. No. 2:16−01534
CARPINELLI v. LANNETT COMPANY, INC., ET AL., C.A. No. 2:16−01954
FRATERNAL ORDER OF POLICE, MIAMI LODGE 20, INSURANCE TRUST
     FUND v. LANNETT COMPANY, INC., ET AL., C.A. No. 2:16−02031
DIAMOND v. LANNETT COMPANY, INC., ET AL., C.A. No. 2:16−02077
UFCW LOCAL 1500 WELFARE FUND v. ALLERGAN PLC, ET AL.,
     C.A. No. 2:16−02169
MINNESOTA LABORERS HEALTH AND WELFARE FUND v. LANNETT
     COMPANY, INC., ET AL., C.A. No. 2:16−02191

District of Rhode Island

CITY OF PROVIDENCE v. ALLERGAN PLC, ET AL., C.A. No. 1:16−00214