IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FWK HOLDINGS, LLC, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ACTAVIS ELIZABETH, LLC, et al.,<br><br>      Defendants. | Case No. 1:16-cv-09901-JSR |
| CÉSAR CASTILLO, INC., individually and on behalf of all those similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ACTAVIS ELIZABETH, LLC, et al.,<br><br>      Defendants. | Case No. 1:17-cv-00078-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES' MOTION FOR RECONSIDERATION OF ITS
MOTION FOR A LIMITED STAY OF CERTAIN DISCOVERY**

**TABLE OF CONTENTS**

I. BACKGROUND ........................................................................................................... 2
II. ARGUMENT ............................................................................................................... 3
   A. The Civil Actions Substantially Overlap with the United States' Criminal Investigation. . 4
   B. The Interests of the Public and Government in Enforcement of the Criminal Laws Support the Proposed Stay................................................................................................................. 5
   C. The Status of the Criminal Case Supports the Proposed Stay. .......................................... 7
   D. The Requested Stay Will Not Unduly Burden the Interests of the Parties or the Court ...... 9
III. CONCLUSION ........................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Air Line Pilots Ass'n v. Miller*, 523 U.S. 866 (1998) .................................................................. 10

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263 (E.D.N.Y. 2002) ........................................................................................................................................ 3

*Bd. of Governors of Fed. Reserve Sys. v. Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) .................. 7

*Brock v. Tolkow,* 109 F.R.D. 116, 120 (E.D.N.Y. 1985)……………………………………...10

*Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ................................................................ 5

*Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) .................................................................... 5

*Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317 (E.D.N.Y. 2004) ..................................... 3

*In re Par Pharm., Inc., Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. 1990) .............................................. 8

*In re WorldCom, Inc., Sec. Litig.*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002) .......................... 6

*JHW Greentree Cap., L.P. v. Whittier Trust Co.*, 2005 WL 1705244 (S.D.N.Y. July 22, 2005)... 3

*Kashi v. Gratsos*, 790 F.2d 1050 (2d Cir. 1986) ........................................................................... 3

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................ 3, 10

*Parker v. Dawson*, 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) ................................................ 3

*SEC v. Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) .................... 8

*SEC v. Control Metals Corp.*, 57 F.R.D. 56 (S.D.N.Y. 1972) ....................................................... 7

*SEC v. Downe*, 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993) .................................................. passim

*SEC v. Fishoff*, Case No. 15-cv-3725, 2016 WL 1262508 (D.N.J. Mar. 31, 2016) ...................... 8

*SEC v. Mersky*, Case No. 93-cv-5200, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994) ........................ 9

*SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, 2012 WL 5505738 (S.D.N.Y. Nov. 9, 2012) ............................................................................................................ 8

*SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) ........................................................................ 7

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................................. 1

*United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656 (D.R.I. 1987) ..................................... 7-8

*United States v. Kordel*, 397 U.S. 1 (1970) ................................................................................... 3

*United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966) ................... 3

*Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ...................... 3-4, 10

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998) ............................. 5

**Statutes**

15 U.S.C. § 1 ................................................................................................................................... 2

**Other Authorities**

Judge Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201 (1989) ............. 4

The United States of America, by and through the Antitrust Division of the Department of Justice ("the United States"), respectfully submits this Memorandum in support of its application for reconsideration of its motion for a limited stay of certain discovery in these civil actions to protect the public interest in a substantially related, overlapping criminal investigation into the generic pharmaceutical industry. On February 21, 2017, the United States made an oral motion for a limited stay of certain discovery. The Court denied that motion, but permitted the United States to submit a written motion for reconsideration supported by an *ex parte* declaration regarding the status of its criminal investigation.

The United States now moves for reconsideration, and renews its request for a limited stay of certain discovery.[1] Specifically, the United States respectfully requests that the Court: (1) stay indefinitely all requests for documents regarding the criminal investigation into the generic pharmaceutical industry (including, but not limited to, requests for information pertaining to a grand jury or for any information provided to or seized by the United States); (2) stay indefinitely all requests for documents regarding drugs other than propranolol; and (3) stay until at least June 30, 2017, the deposition of any current or former employee of a Defendant involved in or responsible for the pricing of generic pharmaceuticals. In addition, the United States respectfully requests that the Court order the parties to provide the United States with notice of all discovery requests at the same time that they are served on any other party.

---

[1] Reconsideration is appropriate because the February 24, 2017 Declaration of Mark Grundvig (the "Grundvig Declaration"), submitted *ex parte* with this Memorandum, "might reasonably be expected to alter the conclusion reached by the court" at the February 21, 2017 hearing. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

1

## I. BACKGROUND

Plaintiff FWK Holdings, L.L.C., filed a Direct Purchaser Class Action Complaint on December 23, 2016. (Compl., Case No. 1:16-cv-09901, ECF No. 1 ("FWK Compl.").) Plaintiff Cesar Castillo, Inc., filed a similar complaint on January 5, 2017. (CC Compl., Case No. 1:17-cv-00078, ECF No. 1 ("CC Compl.").) Plaintiffs allege that Defendants sold the generic heart medication propranolol at artificially high prices set by collusion among competitors in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The Complaints refer to the United States' criminal investigation into the generic pharmaceutical industry as part of the factual basis for their antitrust claims. (*See, e.g.*, FWK Compl. at ¶¶ 14-15.)

The United States unsealed the first criminal informations in that investigation on December 14, 2016. Those informations charged high-level executives of a generic pharmaceutical company with violating Section 1 of the Sherman Act by fixing prices, allocating customers, and rigging bids related to the sale of doxycycline hyclate, and by fixing prices and allocating customers related to the sale of glyburide. *See United States v. Glazer*, 2:16-cr-506-RBS, ECF No. 1 (E.D. Pa. Dec. 12, 2016); *United States v. Malek*, 2:16-cr-508-RBS, ECF No. 1 (E.D. Pa. Dec. 13, 2016). The two executives—Jeffrey Glazer and Jason Malek—pled guilty to these charges on January 9, 2017, and both are cooperating with the United States' ongoing criminal investigation.[2]

Although, to date, the United States has filed charges against only Glazer and Malek, as described in this Memorandum and detailed more fully in the Grundvig Declaration, the criminal investigation into the generic pharmaceuticals industry is ongoing and broad-ranging, and it has

---

[2] Pursuant to the plea agreements executed by Glazer and Malek and the United States, the United States has agreed to request that Glazer and Malek's sentencings be delayed until their cooperation is complete. *See United States v. Glazer*, 2:16-cr-506-RBS, ECF No. 18 (E.D. Pa. Jan. 9, 2017); *United States v. Malek*, 2:16-cr-508-RBS, ECF No. 17 (E.D. Pa. Jan. 9, 2017).

already implicated numerous corporations and individuals. Additional corporations and individuals may be implicated as the investigation continues to develop.

## II. ARGUMENT

This Court has the inherent authority to stay discovery in the interest of justice. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem ... to require such action....' " (quoting *United States v. Kordel,* 397 U.S. 1, 12 n.27 (1970)). Pursuant to this discretionary authority, courts have granted applications by the United States to stay parallel civil proceedings in order to protect a pending criminal investigation. *See, e.g.*, *SEC v. Downe*, 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993) (staying SEC enforcement action pending federal grand jury investigation); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("[W]here both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

District courts in the Second Circuit consider multiple factors when determining whether to stay civil proceedings where there is a parallel criminal investigation. Those factors include: (1) the overlap of the criminal investigation and civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously; (4) the interests of the defendant; (5) the public interest; and (6) judicial economy. *See Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004); *see also Parker v. Dawson*, 2007 WL 2462677, at *3 (E.D.N.Y. Aug. 27, 2007); *JHW Greentree Cap., L.P. v. Whittier Trust Co.*, 2005 WL 1705244, at *1 (S.D.N.Y. July 22, 2005); *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 264-65 (E.D.N.Y. 2002); *Downe,* 1993 WL 22126, at *12; *Volmar Distribs., Inc. v. New York Post Co.,* 152 F.R.D. 36, 39

3

(S.D.N.Y. 1993). Here, the balance of factors weighs in favor of the limited stay sought by the United States.

### A. The Civil Actions Substantially Overlap with the United States' Criminal Investigation.

"The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Judge Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (S.D.N.Y. 1989). The Complaints demonstrate the substantial overlap here with their multiple references to the criminal investigation. (*See, e.g.*, FWK Compl. ¶¶ 15, 24-28, 74, 99, 102-103, 115.) Plaintiffs' discovery requests also show how they intend to try to expose details of the criminal investigation. For instance, their first set of requests for documents seeks "[i[rrespective of time period, *all documents and ESI* submitted to, or seized by, the United States Department of Justice . . . in connection with, or in response to, any request for information or documents concerning Propranolol or Your generic drug portfolio generally (where Propranolol is within that portfolio)," including, but not limited to, "any such documents and ESI seized by the Department of Justice," "any such documents and ESI which You submitted pursuant to a grand jury subpoena," and "all transcripts of testimony given to any governmental body in connection with or in response to any investigation of antitrust violations or the pricing of Generic pharmaceuticals." (Ex. A, at 9-10 (emphasis added).) Plaintiffs have sought these documents from not only the corporate defendants, but also Jeffrey Glazer and Jason Malek, the two former executives who have pled guilty to violations of the Sherman Act and who are cooperating with the United States' ongoing investigation. (Ex. B, at 8-9; Ex. C, at 8-9.)

Even if these requests were limited to propranolol—the only drug that the Complaints allege to have been affected by a price-fixing conspiracy—they would overlap directly with the

United Sates' criminal investigation.  (*See* Grundvig Decl. ¶ 11.)  But Plaintiffs' requests cover more than just documents related to that single drug.  They also demand production of documents related to the defendants' "drug portfolio[s] generally (where Propranolol is within that portfolio)." (*See, e.g.*, Ex. A, at 9.)  Thus, absent a stay, discovery in these cases would sweep up evidence related to other drugs that the United States is currently investigating.  (*See* Grundvig Decl. ¶¶ 8, 11.)

> **B. The Interests of the Public and Government in Enforcement of the Criminal Laws Support the Proposed Stay.**

The public has a significant interest in "allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 529 (D.N.J. 1998); *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."); *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) ("[T]he interests of the Government in protecting its criminal investigation are clearly the paramount concern here.").

Broad civil discovery in these cases would threaten the United States' ongoing investigation because subjects of the investigation will gain access to a plethora of evidence that they could not otherwise obtain.  (*See* Grundvig Decl. ¶¶ 15-16.)  For example, as described above in Part II.A, Plaintiffs have already served on all Defendants a document request seeking information about how they have participated in the ongoing criminal investigation.  (*See* Ex. A, at 9-10.)  If each Defendant's response was shared with all other Defendants, they would all gain

5

additional insight into the current status of the investigation and, thus, be better able to formulate strategies to insulate themselves from criminal accountability.

Similarly, any Defendant could observe Plaintiffs' depositions of its co-Defendants' employees to learn whether those employees could inculpate them or their executives (who may be subjects of the ongoing criminal investigation) and whether they already have (or have not) shared inculpatory information with the United States. That information would necessarily provide insight into the scope and substance of the criminal investigation thereby inappropriately allowing Defendants in the civil suits and their executives to use the information to formulate their responses to the criminal investigation. For example, a Defendant might become less likely to cooperate with the investigation if it learned that it had less to gain from cooperation because it could not offer the government as much new information as it previously believed possible. And broad discovery would permit Defendants not only to observe depositions noticed by Plaintiffs, but also to ask questions of the civil co-defendants' employees, or even to notice their own depositions of those employees in attempts to destroy the credibility of witnesses who might incriminate them. *See In re WorldCom, Inc., Sec. Litig.*, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2002) (observing that United States Attorney "has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses").

It is not possible to conceive in advance every possible way that civil discovery could be used by skilled and motivated counsel to disrupt the United States' ongoing criminal investigation, but these examples demonstrate some of the potential harms. By contrast, the United States' proposed stay would limit the greatest risks, without preventing the parties from preparing the civil cases for trial. Staying document requests touching upon the criminal investigation and limiting requests to the drug at issue in this lawsuit (propranolol) would limit

the parties' ability to inappropriately piece together details of the broader criminal investigation. But they could still seek documents on all other topics concerning propranolol, including the Defendants' pricing decisions on propranolol, their communications with competitors about propranolol, or the Plaintiffs' purchases of propranolol. If depositions of persons with pricing responsibility were stayed, the parties could still proceed with depositions of other knowledgeable witnesses (such as the Plaintiffs themselves and the parties' damages experts) at any time, and they could conduct depositions of persons with pricing responsibility toward the end of fact discovery (which would probably be necessary in any event, if substantial volumes of documents will be produced). That sequence would spare the witnesses with the greatest potential value and exposure in the criminal investigation from deposition tactics calculated to damage their credibility before they have had an opportunity to cooperate fully, and it would reduce the likelihood that those witnesses would need to impede civil discovery by invoking their Fifth Amendment rights during their depositions. *Cf. SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (Rakoff, J.) (reiterating that the court had previously stayed depositions of criminal defendants because of the "high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct of all . . . of these depositions").

  **C.  The Status of the Criminal Case Supports the Proposed Stay.**

  Although the unsealed criminal informations do not concern propranolol, courts have granted discovery stays even when civil defendants had not yet been charged criminally. *See, e.g., Downe*, 1993 WL 22126, at *14 (granting stay of SEC enforcement action pending federal grand jury investigation); *Bd. of Governors of Fed. Reserve Sys. v. Pharaon*, 140 F.R.D. 634, 641 (S.D.N.Y. 1991) (stay granted pending state grand jury investigation involving defendant); *SEC v. Control Metals Corp.*, 57 F.R.D. 56, 57 (S.D.N.Y. 1972) (staying civil action pending grand jury investigation); *see also United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 658-

59 (D.R.I. 1987) (staying civil action while Department of Justice considered bringing criminal proceeding based on certain allegations that were the subject matter of the civil claim). For example, in *SEC v. Beacon Hill Asset Management LLC*, Judge Kaplan granted a discovery stay pending the completion of a grand jury investigation. 2003 WL 554618, at *2 (S.D.N.Y. Feb. 27, 2003). Similarly, in *SEC v. Downe*, Judge Leisure stayed the deposition of a cooperating witness, even though no defendants had yet been indicted. 1993 WL 22126, at *13. In addition, in *SEC. v. One or More Unknown Purchasers of Securities of Global Industries, Ltd.*, Judge Abrams permitted a stay of six months pending the U.S. Attorney's decision whether to indict. 2012 WL 5505738, at *3-6.

Judge Abrams explained that courts should be more willing to stay discovery "where, as here, the government is requesting a stay . . . 'in order to protect the integrity of pending criminal investigations, even where an indictment has not yet been returned.'" *Id.* (quoting *Downe*, 1993 WL 22126, at *13). And a "pre-indictment stay is particularly appropriate where both the civil and criminal charges arise from the same remedial statute such that the criminal investigation is likely to vindicate the same public interest as would the civil suit." *In re Par Pharm., Inc., Sec. Litig.*, 133 F.R.D. 12, 14 (S.D.N.Y. 1990) . Here, Plaintiffs allege a violation of the same statute (Section 1 of the Sherman Act) that the United States is investigating, and Plaintiffs claim of propranolol price-fixing overlaps substantially with one aspect of that criminal investigation. (*See* FWK Compl. ¶¶ 131-136; Grundvig Decl. ¶ 11.)

Moreover, courts have recognized that, "before sentencing there is a risk that disclosures in the Civil Case may cause the Court to vacate [] plea agreements." *SEC v. Fishoff*, Case No. 15-cv-3725, 2016 WL 1262508, at *3 (D.N.J. Mar. 31, 2016) (citation omitted). And where an individual is "in the process of working out cooperation agreements with the government," the

8

United States has "considerable" interest in limiting related civil proceedings because of "concerns about possible perjury, manufacture of false evidence and intimidation of confidential informants." *SEC v. Mersky*, Case No. 93-cv-5200, 1994 WL 22305, at *5 (E.D. Pa. Jan. 25, 1994). Those concerns apply with particular force here because the United States is conducting sensitive negotiations with potential criminal defendants and has a considerable interest in limiting the sworn testimony given by its cooperators. (*See* Grundvig Decl. ¶ 13.)

### D. The Requested Stay Will Not Unduly Burden the Interests of the Parties or the Court

In addition to the facts discussed above, the court also should consider the interests of the parties and of judicial economy when deciding whether to stay discovery. There is no reason to believe that the proposed stay would harm the Defendants' interests because they have expressed agreement, at least in principle, with a limited stay of discovery previously proposed by the United States.

Although Plaintiffs may object, they are unlikely to suffer any substantial prejudice from the limited stay proposed by the United States. As explained above in Part II.B, the proposed stay would allow broad categories of document discovery and some depositions to move forward, and it need not delay resolution of significant procedural issues (*e.g.*, motions to dismiss and for class certification). Plaintiffs would be able to proceed with document discovery concerning propranolol, the only drug put at issue in the Complaints. While a brief stay may impact the sequencing of some depositions, Plaintiffs may benefit from having more time to review documents before deposing employees with pricing responsibilities. And in any event, a stay of four months is reasonable in light of the scope and complexity of the criminal investigation and the substantial public interest in protecting that investigation. *See Landis,* 299 U.S. at 256 ("Especially in cases of extraordinary public moment, the [plaintiff] may be required

to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted.").

The Court also has an interest in the "the disposition of the causes on its docket with economy of time and effort[.]" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-55). A stay here could advance that interest because allowing the criminal cases to proceed ahead of the civil actions may result in a narrowing of the factual and legal issues before this Court. *Volmar Distribs., Inc.*, 152 F.R.D. at 40; *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985).

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant a limited stay of certain document requests and depositions. The proposed stay would protect the interests of the public, while at the same time not unduly delaying the determination of the civil cases or prejudicing the substantial rights of any of the litigants.

Dated: February 24, 2017  
       Washington, DC

Respectfully submitted,

    */s/ Ellen R. Clarke*  
ELLEN R. CLARKE  
MARK C. GRUNDVIG  
JOSEPH C. FOLIO III  
ANDREW J. EWALT  
Trial Attorneys, Washington Criminal I Section  
U.S. Department of Justice  
Antitrust Division  
450 5th St NW, Suite 11300  
Washington, DC 20530  
(202) 598-2662  
(202) 514-6525 (fax)  
ellen.clarke@usdoj.gov

COUNSEL FOR INTERVENOR-UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2017, I caused the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION FOR RECONSIDERATION OF ITS MOTION FOR A LIMITED STAY OF CERTAIN DISCOVERY** to be filed with the Clerk of Court using the Court's Electronic Document Filing System, which served copies on all interested parties registered for electronic filing, and is available for viewing and downloading from the ECF system.

*/s/ Ellen R. Clarke*_____
Ellen R. Clarke
Counsel for Intervenor-United States