UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FWK HOLDINGS, L.L.C., on behalf of itself :
and all others similarly situated, : 1:16-cv-09901-JSR
:
    Plaintiff, :
:
       -v- :
:
ACTAVIS ELIZABETH, LLC, ET AL., :
:
    Defendants. :
------------------------------------x
CÉSAR CASTILLO, INC., individually and on :
behalf of all those similarly situated, : 1:17-cv-00078-JSR
:
    Plaintiff, : ORDER
:
       -v- :
:
ACTAVIS ELIZABETH, LLC, ET AL., :
:
    Defendants. :
------------------------------------x
JED S. RAKOFF, U.S.D.J.



    The Court has considered the Government's motion for reconsideration of its motion for a stay of the proceedings, including a careful review of its <u>ex parte</u> submission, which will be filed under seal. In its motion for reconsideration, the Government initially requested three forms of relief, two of which related to document production, but at the public hearing on document discovery disputes held on February 24, 2017, <u>see</u> Transcript, the Government orally informed the Court that it was now withdrawing its two document stay requests. The Government in effect reserved the right, however, to object to any new document requests made later in the case; and, in this regard, the parties are hereby directed to inform

1

the Government of all discovery requests, whether for documents, depositions, interrogatories, or the like, as the case moves forward.

With respect to the Government's third request, specifically that the Court stay the depositions of any current or former employees of the above-captioned defendants involved in or responsible for the pricing of generic pharmaceuticals, that request is hereby denied except as to cooperators Jeffrey Glazer and Jason Malek. The ex parte submission, while helpful to the Court, does not put forth any substantive arguments not previously presented orally at the time the Government made its original motion, which was denied. For example, at oral argument the Government expressed a fear that a deposition witness who might subsequently become a Government witness might give testimony in his deposition inconsistent with what he might say later on as a Government witness. The Court sees no reason to assume that witnesses who are sworn to tell the truth will give inconsistent testimony under oath; but if that were to happen, in a deposition or simply in a Government interview, such prior inconsistency is surely a relevant fact disclosable in a subsequent criminal case, and not a fact to be hidden. See Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972). Best, then, that any potential inconsistencies be discovered sooner rather than later. Similarly, to the extent the Government is suggesting that it will "refresh" the recollection of any such witness in ways helpful to the Government, such coaching could not

only be ethically dubious but also a seeming subject of Brady and Giglio disclosure.

The one exception to the denial of the Government's third request is that the Court will postpone until June 30, 2017 (the current date for the end of all depositions but not for the end of all discovery), the depositions of Messrs. Malek and Glazer, who, having plead guilty and entered into cooperation agreements with the Government, are likely to invoke their Fifth Amendment privilege if called for depositions. Nonetheless, any party may renew any request for Malek's or Glazer's depositions at the close of the deposition period.

SO ORDERED.

Dated: New York, NY
February 27, 2017

JED S. RAKOFF, U.S.D.J.