```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FWK HOLDINGS, L.L.C., on behalf of itself  :
and all others similarly situated,         :      1:16-cv-09901-JSR
                                           :
     Plaintiff,                            :
                                           :
     -v-                                   :
                                           :
ACTAVIS ELIZABETH, LLC, ET AL.,            :
                                           :
     Defendants.                           :
------------------------------------------x
CÉSAR CASTILLO, INC., individually and on  :
behalf of all those similarly situated,    :      1:17-cv-00078-JSR
                                           :
     Plaintiff,                            :      ORDER
                                           :
     -v-                                   :
                                           :
ACTAVIS ELIZABETH, LLC, ET AL.,            :
                                           :
     Defendants.                           :
------------------------------------------x
JED S. RAKOFF, U.S.D.J.
```

Before the Court are the motions by defendants Heritage Pharmaceuticals Inc. ("Heritage") and Upsher-Smith Laboratories, Inc. ("Upsher-Smith") to dismiss the above-captioned complaints for lack of personal jurisdiction and by all defendants to dismiss these complaints for failure to state a claim. Confirming its ruling from the bench, see Transcript dated February 24, 2017, the Court hereby denies the motion for failure to plead personal jurisdiction. In light of the representations made at oral argument on the motion to dismiss, the Court will postpone ruling on the remaining motion (with one exception described below) so as to allow the plaintiffs to file amended complaints (or a single, consolidated complaint embracing both direct purchasers' actions).

1

Plaintiffs must file their amended complaints or a consolidated complaint by no later than March 3, 2017. The defendants' pending motion to dismiss will be deemed to be directed at the new complaint(s) to the extent still applicable; but, defendants may file supplemental papers not to exceed 15 pages by March 10, 2017. Plaintiffs may then file supplemental opposition papers, not to exceed 20 pages, by no later than March 17, 2017, and defendants may file supplemental reply papers, not to exceed 5 pages, by March 22, 2017. Supplemental oral argument on the motion will be held on March 24, 2017 at 2pm, contemporaneous with oral argument on the parallel motion to dismiss the consolidated complaint of the indirect purchasers.

Notwithstanding the above, the Court, on consent of the parties, hereby dismisses with prejudice the direct purchasers' claim against defendants Mylan Inc., Mylan Pharmaceuticals Inc., and UDL Laboratories, Inc. (collectively, "Mylan") to the extent that plaintiffs allege that Mylan conspired to manipulate the price of Propranolol capsules, see Plaintiffs' Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(6), 16-cv-9901, at 2-3, ECF No. 84.

SO ORDERED.

Dated:   New York, NY
         February 29, 2017                    _____
                                              JED S. RAKOFF, U.S.D.J.