```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FWK HOLDINGS, L.L.C., on behalf of itself :
and all others similarly situated,        :    1:16-cv-09901-JSR
                                          :
       Plaintiff,                         :
                                          :
         -v-                              :
                                          :
ACTAVIS ELIZABETH, LLC, ET AL.,           :
                                          :
       Defendants.                        :
------------------------------------x
CÉSAR CASTILLO, INC., individually and on :
behalf of all those similarly situated,   :    1:17-cv-00078-JSR
                                          :
       Plaintiff,                         :
                                          :
         -v-                              :
                                          :
ACTAVIS ELIZABETH, LLC, ET AL.,           :
                                          :
       Defendants.                        :
------------------------------------x
SERGEANTS BENEVOLENT ASSOCIATION HEALTH   :
& WELFARE FUND, on behalf of itself       :    1:17-cv-00980-JSR
and all others similarly situated,        :
                                          :
       Plaintiff,                         :
                                          :
         -v-                              :
                                          :
ACTAVIS ELIZABETH, LLC, ET AL.,           :
                                          :
       Defendants.                        :
------------------------------------x
AMERICAN FEDERATION OF STATE, COUNTY AND  :
MUNICIPAL EMPLOYEES DISTRICT COUNCIL 37   :    1:17-cv-01039-JSR
HEALTH & SECURITY PLAN, individually and  :
on behalf of all those similarly situated,:       ORDER
                                          :
       Plaintiff,                         :
                                          :
         -v-                              :
                                          :
ACTAVIS ELIZABETH, LLC, ET AL.,           :
                                          :
       Defendants.                        :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/17

1

JED S. RAKOFF, U.S.D.J.

Pursuant to the Court's Order dated February 23, 2017, see 1:16-cv-09901-JSR, ECF No. 96, plaintiffs FWK Holdings, L.L.C. and Cesar Castillo, Inc. (the "Direct Purchaser Plaintiffs") and Sergeants Benevolent Association Health & Welfare Fund and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan (the "End Payor Plaintiffs") submitted letter motions on February 24, 2017 addressing whether the Court should hold separate trials for the End Payor and Direct Purchaser actions.

The Direct Purchaser Plaintiffs seeks separate trials because, they argue, that, under the Supreme Court's decision in Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), defendants defending against the direct purchasers' claimed damages may not introduce evidence that the Direct Purchaser Plaintiffs passed the alleged overcharges on to anyone else. On the other hand, when the End Payor Plaintiffs make their damages presentation to the jury, they must necessarily introduce evidence that the alleged overcharges were in part or whole passed on to them, presumably by the Direct Purchaser Plaintiffs. The Direct Purchaser Plaintiffs therefore argue that jurors in a combined trial "may easily become confused about the scope of recovery for each plaintiff group and improperly penalize direct purchasers for passing on any overcharge." In the alternative, the Direct Purchaser Plaintiffs request that the Court have a combined trial on liability but a bifurcated trial on damages

The End Payor Plaintiffs agree that there is "tension" created

by having a combined trial, but argue that this can be addressed by the Court's either (1) excluding prejudicial evidence and providing appropriate jury instructions; or (2) having a combined trial on liability but a bifurcated trial on damages, as the Direct Purchaser Plaintiffs suggest.

The End Payor Plaintiffs also request that the Court create a consolidated action for the End Payor Plaintiffs and order that the End Payor and Direct Purchaser actions be coordinated for pre-trial and trial purposes on a master docket styled In re Propranolol Antitrust Litigation.

While the Court very much doubts that jurors typical of those chosen for juries in the Southern District of New York would, if properly instructed, ever be confused in the manner suggested, the Court will revisit this issue at the close of discovery. However, the parties should assume that there will be a single consolidated trial commencing, as scheduled, on November 8, 2017 at 9am.

Meanwhile, the Court hereby consolidates for all purposes the actions of the End Payor Plaintiffs (the Direct Purchaser actions having already been consolidated for all purposes). Finally, the Court orders that the End Payor and Direct Purchaser actions be coordinated for pre-trial and trial purposes on a master docket styled In re Propranolol Antitrust Litigation and bearing the case number 1:16-cv-09901-JSR. The Clerk of the Court is ordered to create such a master docket and close docket number 104 under case number 1:16-cv-09901-JSR, docket number 64 under case number 1:17-cv-00078-

JSR, docket number 48 under case number 1:17-cv-00980-JSR, and docket number 59 under case number 1:17-cv-01039.

SO ORDERED.

Dated:  New York, NY
        March 8, 2017

_____
JED S. RAKOFF, U.S.D.J.